**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MITAL SUMAN KUMAR PATEL,

      Plaintiff,

v.                                                                                                  No. 1:20-cv-00870-KK

ROBERT WILKE, Secretary of United States
Department of Veterans Affairs,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Employment Discrimination, Doc. 1, filed August 27, 2020 ("Complaint").

Plaintiff, who was born in India, is licensed to practice medicine as an orthopedic surgeon by the State of Wisconsin. *See* Complaint at 9 (in the Decision of the Administrative Judge, United States Equal Employment Opportunity Commission, that Plaintiff attached to the Complaint). Plaintiff asserts a disparate-impact discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that the Veterans Affairs Medical Center, Clarksburg, West Virginia:

> Did not hire me on basis of board certification of ABOS criteria. Subsequent after I sued they changed the criteria and hired a doctor without ABOS certification anyways. The use of board certification by abos for hiring of orthosurgeon used by hospitals is a discrimination of national origin. IT has dispartate [sic] impact on foreign born. I had EEOC case filed. IT did make a decision, which was not in my favor. EEOC case no. is 530-2016-00308X. Its over 3 months agency has not sent its determination. So I can sue in federal court.

Complaint at 5.

The Complaint fails to state a disparate-treatment Title VII claim. To state a claim for disparate-impact discrimination, a plaintiff must allege "that a specific identifiable employment practice or policy caused a significant disparate impact on a protected group." *Carpenter v. Boeing, Co.*, 456 F.3d 1183, 1187 (10th Cir. 2006). Plaintiff's conclusory statements that Defendant's hiring procedure "is a discrimination of national origin" and "has a [disparate] impact on foreign born" are not sufficient to state a Title VII disparate-impact claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."). Plaintiff must allege specific facts showing that Defendant's hiring procedure caused a significant disparate impact on foreign-born applicants.

While the Complaint can be dismissed for failure to state a claim upon which relief can be granted, the Court gives Plaintiff an opportunity to file an amended complaint.

**IT IS ORDERED** that Plaintiff may, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

                                                                         _____
                                                                         **KIRTAN KHALSA**
                                                                         **UNITED STATES MAGISTRATE JUDGE**