# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MITAL SUMAN KUMAR PATEL,

      Plaintiff,

v.   No. 1:20-cv-00870-SCY-KK

ROBERT WILKE, Secretary of United States
Department of Veterans Affairs,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR ENTRY OF DEFAULT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion for Entry of Default Against the Defendant, Doc. 12, filed December 17, 2020.

Plaintiff asserted a disparate-impact discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against the Department of Veterans Affairs. *See* First Amended Complaint, Doc. 7, filed September 21, 2020.

Plaintiff asserts that the summons was delivered by first class mail on October 7, 2020, that Defendant did not respond within 60 days, and moves for entry of default. Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, *see Pinaud v. Cnty. of Suffolk,* 52 F.3d 1139, 1152 n. 11 (2d Cir.1995) (describing "the entry of a default" as "largely a formal matter" (internal quotation marks omitted)), a district judge also possesses the inherent power to enter a default).

The record shows that the Clerk issued a summons as to Defendant Robert Wilke on October 2, 2020.  Plaintiff filed a Notice showing that an item was delivered in Washington, D.C. on October 7, 2020, but the Notice does not indicate what was delivered and does not indicate that it was sent by registered or certified mail.

The Court denies Plaintiff's Motion for Entry of Default because Plaintiff has not filed an affidavit stating that he properly served Defendant.  Plaintiff, who is not proceeding *in forma pauperis* pursuant to 28 U.S.C. 1915,[1] is responsible for serving the summons and complaint on Defendant.  *See* Fed. R. Civ. P. 4(c)(1).  Rule 4 requires that to serve a United States agency, officer or employee, a party "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee."  Fed. R. Civ. P. 4(i)(2).  Plaintiff has not shown that he served Defendant by sending the summons and Amended Complaint by registered or certified mail, or that he properly served the United States.  *See* Fed. R. Civ. P. 4(i)(1) (setting forth procedure for serving the United States).  "Unless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  Fed. R. Civ. P. 4(l)(1).

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default Against the Defendant, Doc. 12, filed December 17, 2020, is **DENIED.**

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] 28 U.S.C. § 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").