# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MITAL PATEL,

      Plaintiff,

    v.                                                                          Civ. No. 20cv870 SCY/KK

DENIS MCDONOUGH,[1] Secretary of the U.S.
DEPARTMENT OF VETERANS AFFAIRS,

      Defendant.

## **ORDER GRANTING MOTION TO TRANSFER**

Plaintiff Mital Patel applied for a position as an orthopedic surgeon at the VA Medical Center in Clarksburg, WV in 2015. Although the hospital initially indicated it would offer Plaintiff the position, it later declined to hire Plaintiff because he did not meet the hospital's credentialing requirements. Plaintiff brings this suit alleging that the denial of the position violated Title VII because it constituted disparate treatment on the basis of national origin. Plaintiff complained to the EEOC, which decided in the hospital's favor in a decision dated March 31, 2020. First Amended Complaint, Doc. 7 at 29. Plaintiff filed this suit on August 27, 2020. Doc. 1.

Defendant moves to dismiss or transfer this lawsuit, arguing that (1) the lawsuit is untimely by 17 days and, alternatively, that (2) the Court should transfer the case to the Northern District of West Virginia under Title VII's venue statute, 42 U.S.C. § 2000e-5(f)(3). The Court finds that the untimeliness of the lawsuit is not overwhelmingly clear in Defendant's favor, and

---

[1] Denis McDonough is automatically substituted for Robert Wilkie pursuant to Fed. R. Civ. P. 25(d).

untimeliness is not a jurisdictional bar that must be addressed before anything else. In addition, Plaintiff consents to the motion to transfer. Therefore, the Court GRANTS the motion to transfer and will leave the decision on the motion to dismiss to the Northern District of West Virginia, the court of proper venue.

## **DISCUSSION**

As Defendant argues, Plaintiff filed this case 17 days after the expiration of the statutory time period allowed for filing. The relevant statute, 42 U.S.C. § 2000e-16, "Employment by Federal Government," requires that a "[c]ivil action by employee or applicant for employment for redress of grievances" be filed within 90 days of "receipt of notice of final action taken by a[n] . . . agency." *Id.* § 2000e-16(c). Here, Defendant does not dispute that Plaintiff timely filed a complaint with the EEOC. The EEOC then issued an adverse decision. According to EEOC regulations, "[i]f an agency does not issue a final order within 40 days of receipt of the administrative judge's decision . . ., then the decision of the administrative judge shall become the final action of the agency." 29 C.F.R. § 1614.109(i). The agency received the administrative judge's decision on Tuesday, March 31, 2020 via the electronic filing system. Doc. 7 at 30. The agency did not issue a final order within 40 days of that date. Doc. 7 ¶ 3. Accordingly, the administrative judge's decision became the final action of the agency on May 11, 2020. *See* 29 C.F.R. §§ 1614.109(i), 1614.604(d). At that point, Plaintiff had 90 days to file this action in the district court. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a). The 90 days expired on Monday, August 10, 2020. 29 C.F.R. § 1614.604(d). Plaintiff filed this complaint 17 days later, on August 27, 2020. Doc. 1.

In defense of this timing, Plaintiff asserts that he never received a notice from either the EEOC or the VA that included an explanation of the timing of his right to file a civil action in

federal district court. Although Plaintiff, representing himself *pro se*, does not mention the doctrine of equitable tolling, Defendant in Reply appropriately addresses this doctrine. This is because "[c]ompliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). The Supreme Court has described appropriate situations for "the doctrine of equitable tolling" in the context of Title VII as including "a case in which a claimant has received inadequate notice." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (citing *Gates v. Georgia-Pacific Corp.*, 492 F.2d 292 (9th Cir. 1974)); *see Brezovski v. U.S. Postal Serv.*, 905 F.2d 334, 336 (10th Cir. 1990) (the "Supreme Court has suggested courts may toll a limitations period when a claimant has received inadequate notice").

Because Plaintiff is proceeding *pro se* and the Court must liberally construe his arguments, the Court construes Plaintiff's argument that he received inadequate notice as an argument that equitable tolling should apply to excuse his late filing. The Court further notes that the EEOC notice that Plaintiff received says nothing about the deadline for filing a civil suit. Doc. 7 at 19-20. Presumably, this is because the EEOC does not know whether the agency is going to issue a "final action" within 40 days and therefore does not know what Plaintiff's time limit will be for filing a civil suit. Plaintiff represents that he, in fact, did not know about the time limit for filing a civil suit. Doc. 33. Defendant argues that the inadequate notice cannot be attributed to any fault of the Defendant, and that "active deception" is required for tolling. Doc. 31 at 4.

Whether this is a correct statement of the law is arguable. Federal courts appear to be split on this issue. *Staropoli v. Donahoe*, 786 F. Supp. 2d 384, 390-93 (D.D.C. 2011) (applying

equitable tolling under similar circumstances); *Jones v. Spencer*, No. 17cv145, 2018 WL
3945384, at *5 (E.D.N.C. Aug. 16, 2018) (declining to apply tolling), *aff'd on other grounds*,
757 F. App'x 275 (4th Cir. 2019). Further, the Supreme Court has implied that "inadequate
notice" falls into a separate category from "affirmative misconduct on the part of a defendant."
*Baldwin Cty. Welcome Ctr.*, 466 U.S. at 151.

Because this question does not have an indisputably clear answer, the Court defers the
timeliness decision to the district court with proper venue. The parties agree this case, if not
dismissed, should be transferred to the Northern District of West Virginia. 42 U.S.C. § 2000e-
5(f)(3) (action under Title VII to be brought "in the judicial district in which the aggrieved
person would have worked but for the alleged unlawful employment practice"); Doc. 28 at 6-8;
Doc. 30 at 2 ("I am ok with the transfer if needed be to west Virginia. Dissmissing complaint
would make me file again. There might be again time limitation which might obstruct me from
seeking justice."). Based on the Plaintiff's request to not be forced to "file again," Plaintiff's pro
se status, and the fact that Plaintiff filed in New Mexico in good faith without knowledge that the
forum was improper, the Court will transfer the case rather than dismiss on the basis of improper
venue.

## **CONCLUSION**

The Court GRANTS Defendant's Motion To Dismiss Or Transfer, Doc. 28.

THEREFORE, IT IS ORDERED that the Clerk is DIRECTED to TRANSFER this case
to the Northern District of West Virginia.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent